# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HAROLD FRECHTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12038-VCG |
| | ) | |
| DAWN M. ZIER, MICHAEL J. | ) | |
| HAGAN, PAUL GUYARDO, | ) | |
| MICHAEL D. MANGAN, ANDREW | ) | |
| M. WEISS, ROBERT F. BERNSTOCK, | ) | |
| JAY HERRATTI, BRIAN P. TIERNEY, | ) | |
| and NUTRISYSTEM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Date Submitted: November 11, 2016
Date Decided: January 24, 2017

Jessica Zeldin, of ROSENTHAL, MONHAIT & GODDESS, P.A., Wilmington, Delaware; OF COUNSEL: Carl L. Stine, Fei-Lu Qian, of WOLF POPPER LLP, New York, New York, *Attorneys for Plaintiff*.

M. Duncan Grant, Christopher B. Chuff, of PEPPER HAMILTON LLP, Wilmington, Delaware; OF COUNSEL: Jay A. Dubow, of PEPPER HAMILTON LLP, Philadelphia, Pennsylvania, *Attorneys for Defendants*.

GLASSCOCK, Vice Chancellor

This matter involves competing case-dispositive motions asking me to declare whether a corporate bylaw provision is consistent with the Delaware General Corporation Law ("DGCL"). The provision in question states that the stockholders of the company may remove directors, but only upon the vote of "not less than 66 and two-thirds percent . . . of the voting power of all outstanding shares" of company stock. This bylaw runs afoul of 8 *Del. C.* § 141(k), under which directors may be removed by a majority vote of corporate shares.[1] Accordingly, the Defendants' Motion to Dismiss is denied, and the Plaintiff's Motion for Summary Judgment on Count II of his complaint, seeking a declaratory judgment, is granted; by stipulation of the Plaintiff, Count I—alleging breach of fiduciary duty against the directors for enacting or maintaining an invalid bylaw—is withdrawn. My reasoning follows.

## I. BACKGROUND[2]

The Plaintiff is a shareholder of Defendant Nutrisystem, Inc. ("Nutrisystem" or "the Company") and has owned his shares at all relevant times.[3] Nutrisystem is a Delaware corporation with its corporate headquarters in Fort Washington, Pennsylvania.[4] The Defendants consist of members of the Nutrisystem Board of

---

[1] This matter solely involves a bylaw provision with no consideration of any provisions contained in the corporation's certificate of incorporation.

[2] The following facts are undisputed and taken from verified pleadings, affidavits, exhibits and other evidence submitted to the Court and viewed in the light most favorable to the Defendants, who are the non-moving parties with regards to the Motion for Summary Judgment.

[3] Verified Class Action Complaint (the "Complaint") ¶ 6.

[4] Compl. ¶ 7.

Directors (the "Board") as well as Nutrisystem.[5] The Plaintiff purports to bring this class-action on behalf of all public stockholders of the Company.[6]

The Company's charter gives the Board the authority to "make and to alter or amend the By-laws of the [Company]."[7] "On January 7, 2016, the Company filed a Form 8-K with the Securities and Exchange Commission announcing that the Board had approved an amendment to the Company's Bylaws."[8] Prior to the amendment, the relevant bylaw allowed Company stockholders to remove directors only for cause and upon the affirmative vote of two-thirds of all outstanding shares of Company stock (the "Removal Provision").[9] The amendment struck the "for cause" requirement from the Removal Provision—presumably in response to a recent holding of this Court interpreting such a provision as unlawful[10]—so that the Removal Provision now states:

> Removal. Except as otherwise provided in the Certificate of Incorporation, no director may be removed from office by the stockholders of the Corporation except by the affirmative vote of the holders of not less than sixty-six and two-thirds percent (66 2/3%) of the voting power of all outstanding shares of stock of the Corporation

---

[5] *See id.* at ¶¶ 8–15 (listing Defendants Dawn M. Zier, Michael J. Hagan, Paul Guyardo, Michael D. Mangan, Andrea M. Weiss, Robert F. Bernstock, Jay Herratti, and Brian P. Tierney).
[6] *See id.* at ¶ 17 (noting, however, that the Defendants are excluded).
[7] Defs' Opening Br., Ex. B, Nutrisystem, Inc. Certificate of Incorporation, Art. 7.
[8] Compl. ¶ 25.
[9] Defs' Opening Br., Ex. C, Bylaws of Nutrisystem, Inc., Art. III, § 4.
[10] *See In re VAALCO Energy, Inc. S'holder Litig.*, C.A. No. 11775-VCL (Del. Ch. Dec. 21, 2015) (TRANSCRIPT).

entitled to vote generally in the election of directors, considered for this purpose as a single class.[11]

In other words, the Company currently has a bylaw requiring a super-majority vote of at least two-thirds of the voting power of all outstanding shares in order to remove directors.

The Plaintiff filed his Verified Class Action Complaint on February 24, 2016 (the "Complaint") pleading two counts. In Count I, the Plaintiff alleges a breach of fiduciary duty against the Defendants.[12] The Plaintiff contends that the directors breached the duty of loyalty by enacting an unlawful bylaw to entrench themselves in office. In Count II, the Plaintiff seeks a declaratory judgment that the Removal Provision is in violation of 8 *Del. C.* § 141(k). The Defendants moved to dismiss the Complaint on May 27, 2016 and the Plaintiff moved for partial summary judgment on Count II on August 9, 2016. I heard argument on both motions on October 20, 2016. The Plaintiff represented at Oral Argument that, should I find in his favor on Count II, he would not pursue Count I.[13] My Memorandum Opinion addressing Count II follows.

---

[11] Compl. ¶ 25.
[12] *Id.* at ¶¶ 32–38.
[13] Oral Arg. Tr. 19:2–5 (Oct. 20, 2016).

## II. ANALYSIS

Summary judgment is appropriate when the moving party shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[14] The moving part must demonstrate the "absence of a material factual dispute"[15] and all facts and "reasonable hypotheses or inferences" drawn therefrom "must be viewed in the light most favorable to the non-moving party."[16] Plaintiff's Motion for Partial Summary Judgment turns purely on the interpretation of a section of the DGCL, therefore summary judgment is appropriate here. Summary judgment here will require the Plaintiff to overcome the presumption that the bylaws are valid,[17] and to demonstrate that the bylaw in question cannot operate validly "in any conceivable circumstance."[18]

The DGCL is, broadly, an enabling statute. Section 109(b) of the DGCL states, in relevant part, that "[t]he bylaws may contain *any* provision, *not inconsistent with law or with the certificate of incorporation*, relating to the business of the corporation, the conduct of its affairs, and its rights or powers or the rights or powers

---

[14] Ct. Ch. R. 56(c).
[15] *In re Transkaryotic Therapies, Inc.*, 954 A.2d 346, 356 (Del. Ch. 2008), *as revised* (June 24, 2008) (citation omitted).
[16] *Enrique v. State Farm Mut. Auto. Ins. Co.*, 142 A.3d 506, 511 (Del. 2016).
[17] *Frantz Mfg. Co. v. EAC Indus.*, 501 A.2d 401, 407 (Del. 1985).
[18] *Boilermakers Local 154 Ret. Fund v. Chevron Corp.*, 73 A.3d 934, 940 (Del. Ch. 2013).

of its stockholders . . . ."[19] Section 141(k) of the DGCL, however, provides that "[a]ny director or the entire board of directors may be removed, with or without cause, by the holders of a *majority* of the shares then entitled to vote at an election of directors" subject to two exceptions not pertinent here.[20] The Plaintiff asserts, persuasively, that the bylaw in question is "inconsistent with law," and thus not permitted under Section 109(b).

As our Supreme Court has explained,

> [t]he rules of statutory construction are well settled. They are designed to ascertain and give effect to the intent of the legislators, as expressed in the statute. At the outset, the court must determine whether the provision in question is ambiguous. A statute is ambiguous if it is reasonably susceptible of two interpretations. If it is unambiguous, no statutory construction is required, and the words in the statute are given their plain meaning.[21]

Under the plain language of the statute, I find that the Removal Provision is inconsistent with Section 141(k). I address the Defendants' contentions to the contrary below.

---

[19] 8 *Del. C.* § 109(b) (emphasis added). Thus Section 109(b) stands in contrast to Section 102(b)(4), which provides that a certificate of incorporation may require "for any corporate action . . . a larger portion of the stock . . . than is required by this chapter." 8 *Del. C.* § 102(b)(4).

[20] 8 *Del. C.* § 141(k) (emphasis added). The exceptions add "(1) [u]nless the certificate of incorporation otherwise provides, in the case of a corporation whose board is classified as provided in subsection (d) of this section, stockholders may effect such removal only for cause; or (2) [i]n the case of a corporation having cumulative voting, if less than the entire board is to be removed, no director may be removed without cause if the votes cast against such director's removal would be sufficient to elect such director if then cumulatively voted at an election of the entire board of directors, or, if there be classes of directors, at an election of the class of directors of which such director is a part." *Id.*

[21] *Dewey Beach Enterprises, Inc. v. Bd. of Adjustment of Town of Dewey Beach*, 1 A.3d 305, 307–08 (Del. 2010) (internal quotations omitted).

First, the Defendants point to 8 *Del. C.* § 216.[22] That section permits corporations to adopt bylaws specifying the required vote for the transaction of the business of the corporation, "[s]ubject to this chapter in respect of the vote that shall be required for a specified action . . . ."[23] The Defendants concede that the specific provisions of Section 141(k), addressing removal of directors, trump this general permissive language, but argue that Section 141(k) "does not dictate a contrary result" because the Section "sets the rules only for the circumstances under which stockholders may remove directors without cause, and does not address the percentage of the vote that is required to remove directors."[24] The Defendants appear to rest this argument—which is, frankly, not easily comprehensible to me—on the contention that Section 141(k) is merely *permissive*, in that it provides only that a majority of stockholders *may* remove directors, thereby leaving the bylaws free to require a minority, a supermajority or even unanimity as a requisite for director removal. The Defendants buttress this argument by a contextual argument, asserting that, had the intent of the General Assembly been to provide that a simple majority

---

[22] Section 216 provides "[s]ubject to this chapter in respect of the vote that shall be required for a specified action, the certificate of incorporation or bylaws of any corporation authorized to issue stock may specify . . . the votes that shall be necessary for, the transaction of any business . . . . In the absence of such specification in the certificate of incorporation or bylaws of the corporation: . . . [i]n all matters other than the election of directors, the affirmative vote of the majority of shares present in person or represented by proxy at the meeting and entitled to vote on the subject matter shall be the act of the stockholders . . . ." 8 *Del. C.* § 216.

[23] 8 *Del. C.* § 216. *See supra* n.19.

[24] Defs' Opening Br. 17, 19.

of stock is sufficient to remove directors, it could have expressed that intent via mandatory language. The Defendants presented at Oral Argument three alternative drafts of Section 141(k) the legislature could have written to, in Defendants' view, express such an intent more clearly than does the section as written.[25] The Defendants also point to seven different sections in the DGCL, six of which use the word "shall" and one that uses the word "must," to argue that when the Legislature intends to establish the vote required for a certain action, it does so using mandatory language.[26] Thus, argue the Defendants, nothing in Section 141(k) prevents exercise of the power of the Board, under Section 216, to set a supermajority requirement for removal of directors in the bylaws of the Company.

But this is an unnatural reading of Section 141(k). The section provides that holders of a majority of stock may—not must—remove directors; that is, if they so choose, the section confers that power. Obviously, they need not exercise the power at any given time: they "may" do so. Under the Removal Provision, however, a simple majority of Nutrisystem stockholders *may not* exercise such power; the bylaw is, unambiguously, inconsistent with the statute. Defendants' construction of Section 141(k), that a majority may—but only if the corporation's bylaws so

---

[25] *See* Oral Arg. Tr. 14:15–15:1 (Oct. 20, 2016).
[26] *See* Defs' Reply Br. 6–9 (citing Sections 242, 245, 251, 275, 311, 344, and 363).

7

permit—remove directors, renders the "majority" provision essentially meaningless, and leaves the statutory provision an effective nullity.

Finally, I note that Defendant's reading of Section 141(k) is inconsistent not only with the statutory language, but with recent judicial consideration of the section as well. While no written opinions address the issue, this Court's bench decision in *In re VAALCO Energy, Inc. Stockholder Litigation* is instructive;[27] the Vice Chancellor there found that the language of Section 141(k) providing that directors "may" be removed with or without cause prohibits bylaws requiring cause for that purpose.[28] Likewise, Section 141(k) also mandates that a majority of stockholders may remove directors. As the Vice Chancellor stated in *VAALCO,* "141(k) states affirmatively 'any director or the entire board of directors may be removed, with or without cause, by the holders of a *majority* of the shares then entitled to vote at an election of directors.' That is the rule."[29]

Section 141(k) unambiguously confers on a majority the power to remove directors, and the contrary provision in the Company bylaws is unlawful.

---

[27] C.A. No. 11775-VCL (Del. Ch. Dec. 21, 2015) (TRANSCRIPT). I use the word "instructive" advisedly; I do not mean to imply that bench decisions are part of the case-law of this Court, or encourage citation thereto.
[28] *Id.*
[29] *Id.* at 59–60 (emphasis added).

8

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED, the Plaintiff's Motion for Summary Judgment with respect to Count II is GRANTED, and Count I of the Complaint is withdrawn. An appropriate order is attached.

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| HAROLD FRECHTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12038-VCG |
| | ) | |
| DAWN M. ZIER, MICHAEL J. | ) | |
| HAGAN, PAUL GUYARDO, | ) | |
| MICHAEL D. MANGAN, ANDREW | ) | |
| M. WEISS, ROBERT F. BERNSTOCK, | ) | |
| JAY HERRATTI, BRIAN P. TIERNEY, | ) | |
| and NUTRISYSTEM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

AND NOW, this 24th day of January, 2017,

The Court having considered Defendants' Motion to Dismiss and Plaintiff's Motion for Partial Summary Judgment, and for the reasons set forth in the Memorandum Opinion dated January 24, 2017, IT IS HEREBY ORDERED that Defendants' Motion is DENIED, the Plaintiff's Motion for Summary Judgment on Count II of the Complaint is GRANTED, and Count I of the Complaint is withdrawn. SO ORDERED:

/s/ Sam Glasscock III

Vice Chancellor

10